Gkben, J.
delivered the opinion of the court.
This is an action of covenant, on the following instrument: “I have this day sold to James Kannon, the following notes: one note on J. B. and D. R. Wortham, for four hundred and twelve dollars, due the 4th day of Nov., 1838, with a credit of twenty-four dollars and thirty-three cents; one other note on John S. Perry, for ten dollars, due the 25th of Dec., 1838; one on Westley Witherspoon, for twelve dollars, due 25th Dec., 1838; one other on John S. Haynes, for one hundred dollars, due 25th Dec., 1837; and one receipt on A. J. Woles, for Elias Peyton’s note for one hundred and seventy-one dollars and seventy cents, which notes and receipt I guaranty to the said James Kannon, waiving all exception of my not assigning said claims, and holding myself bound for said claims for value received, witness my hand and seal, this 18th day of February, 1839.
“Saml. W. Neely, [seal,]
“Adrar, of W. G. Neely, deceased.”
*289 The note above mentioned, on J. B. and D. R. Wor-tham, is the matter in controversy. Kannon has failed to collect that note from the makers, and they are insolvent, and this suit is brought to recover the amount from Neely on the undertaking, in the instrument above set out.
Neely insists that the instrument is a mere guaranty; that his undertaking is collateral only, and that he was entitled to reasonable notice; and that the loss has been occasioned by the negligence of the plaintiff, and, therefore, that he is not liable to this action.
His Honor, the circuit judge, told the jury that the instrument sued on, is not a guaranty, but is a direct undertaking, and that the defences relied on, could not properly be made to this action. The jury found for the plaintiff, and the defendant appealed to this court.
We think this instrument is a mere guaranty; and that his Honor, the circuit judge, erred in the instruction to the jury. Omitting the notes not in contest, the instrument reads thus: “I have this day sold to James Kannon one note on J. B. and D. R. Wortham for four hundred and twelve dollars, due the 4th day of Nov., 1838, with a credit of twenty-four dollars and thirty-three cents, which I guaranty to the said Kannon, waiving all exception of my not assigning said claim, and holding myself bound for said claim, for value received,” &e.
The only difficulty, in the construction of the instrument, exists in relation to the sense in which Neely intended to hold himself bound. If he had only said he would guaranty, without adding, that he held himself bound, there would be no doubt but that the undertaking would have been collateral. But the words *290 “ holding myself bound,” we think, only mean that he would be bound, as if he had assigned the claim.
The evident object of Neely, in failing to endorse the notes and choosing to execute a separate instrument was, to avoid suits against himself jointly with the makers. He did not intend to become liable by this instrument, otherwise than as if he had assigned the notes. He says, “ waiving all exception of my not assigning said claims, and holding myself bound for said claims.” He does not mean, bound absolutely, but bound, as if he had assigned the claims.
We think, therefore, the. obligation qf Neely rests upon the guaranty, and the defence he offered in the circuí*} court was proper.
Reverse the judgment, and remand the cause.